IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 04-00150 SOM |
| | ) |
| vs. | ) 18 USC 1001(a)(3) |
| | ) |
| PATRICK SHIN (01), | ) DECLARATION OF SAMUEL P. KING, JR. |
| | ) |
| Defendant. | ) |
| | ) |

DECLARATION OF SAMUEL P. KING, JR.

I, SAMUEL P. KING, JR., declare and say:

Previously in this case, the parties stipulated to unseal and make available to the general public all of the memoranda filed by the parties relating to sentencing. The stipulation did not include release of the Presentence Report.

The Presentence Report was discussed extensively in the memoranda of the parties and discussed publically and extensively in open court during the sentencing in this case.

This Court agreed with the conclusion in the Presentence Report that there should be no increase in the Guideline calculation for "loss," as Defendant has no intent to defraud, only an intent to deceive. Although the Presentence Report was discussed extensively in the memoranda of the parties and in open court, so there is no secret about the statements and conclusions contained in the Presentence Report, the Presentence Report is still a sealed document as a matter of normal court procedure.

When this Court filed the Judgment in this case, the Guideline calculation of 4 is shown on the Judgment, but there is no explanation as to how this Court arrived at this Guideline calculation, although, as mentioned earlier, the matter was discussed extensively in the parties' memoranda and

in open court at sentencing, and is fully discussed in the Presentence Report. Since the sentencing, Defendant has had to deal with a number of issues in the civil arena - debarment proceedings resulting from the sentencing, questions about Defendant's conduct and why Defendant acted as he did in this case as Defendant's conduct affects his company's, Nan, Inc.'s, business dealings with the Government and others on a daily basis since the sentencing, dealings with Nan, Inc.'s bonding agents, etc. Although the ultimate finding of this Court, that Defendant did not act with intent to defraud, is discussed in Defendant's sentencing memoranda, which are now public, and in open court, it is extremely difficult to explain to interested persons what the sentencing in this case was all about and how this Court calculated its Guideline level applicable to this case, without seeing and reading the Presentence Report filed in this case. The memoranda of the parties are argumentative, while the Presentence Report is conclusory, and the discussion in open court about the Presentence Report is extremely difficult to understand without a copy of the Presentence Report for guidance about the discussion in open court.

Because there is nothing secret about the Presentence Report at this time, and because its contents have been discussed publically in memoranda which are now available to the public and in open court, and because the Presentence Report contains the best and simplest explanation of this Court's reasoning and the Guideline calculation in this case in conclusory, rather than argumentative, form, and because parties with whom Defendant is now dealing have questions about how the Guideline calculation was made and about this Court's finding about Defendant's conduct in this case, Defendant respectfully requests that this Court allow the Presentence Report to be made public in this case as all the other sentencing materials have already been made public. There is no policy reason to keep the Presentence Report sealed at this point as sentencing has already occurred and most of the Report has been discussed publically already. Release of the Report at this time will

make it clear to other government agencies and authorities with whom Defendant is now dealing and others, as set forth above, the reasoning behind this Court's sentence which was stated in court at the time of sentencing but not set out in writing in the Judgement in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, November 25, 2006.

_____
SAMUEL P. KING, JR.
Attorney for Defendant


DECLARATION OF SAMUEL P. KING, JR.

UNITED STATES v. PATRICK SHIN, Cr. No. 04-00150 SOM