IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00150 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT |
| vs. | ) | PATRICK SHIN'S MOTION TO |
| | ) | RELEASE PRESENTENCE REPORT |
| PATRICK SHIN (01), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT PATRICK SHIN'S MOTION
TO RELEASE PRESENTENCE REPORT

  Defendant Patrick Shin moves for release of his Presentence Investigation Report, which is presently a document sealed by the court.  Shin is facing civil proceedings arising out of the actions that formed the basis of the criminal charges against him, and he argues that release of the PSR would assist him in defending himself in the civil proceedings.  He notes that there is no need for secrecy at this time, as the matters addressed in the PSR are discussed in publicly available documents.  The court notes, in addition, that Shin has completed serving his time in prison, so that prison security issues are not in issue.

  While it might appear at first glance that Shin's request should be promptly granted because no harm will result, the court denies Shin's request.  The court has consulted with the United States Probation Office and notes that the United States Attorney's Office has decided not to weigh in on the

matter.  Although the court understands that it might be convenient for Shin to be able to share his PSR with others, the court is unpersuaded that it is necessary to achieve fairness. The offense conduct discussed in the PSR is well known to Shin, and he is certainly able to provide a detailed discussion of that conduct without relying on the PSR.  The court's sentencing guideline conclusions are set forth in the transcript of the sentencing hearing, which Shin's counsel may order.  How the court reached those guideline conclusions is the kind of thing that Shin's counsel, who is experienced in federal sentencing matters, can surely explain to others without needing the PSR, assuming, as counsel suggests, that the guideline calculation is relevant to the civil matters.  Shin's counsel is more than capable of presenting an articulate step-by-step explanation using the guideline manual, amplified by the unsealed sentencing memoranda.

The court has some sympathy for Shin's argument that no harm will follow the release of the PSR in this case.  However, releasing the PSR in Shin's case may lead to requests to release PSRs in many other cases, as it is not uncommon for defendants to face civil proceedings related to their criminal cases.  It may be that this court will someday adopt a policy of releasing PSRs whenever they might assist defendants in civil proceedings and there are no safety or security concerns.  That may or may not

be good policy.  However, the court sees no need to address the issue of whether a policy change is in order in this case, as Shin has not persuaded this court that release of the PSR is, in fairness, necessary or justified here.  With this order, the court is not foreclosing the possibility of releasing PSRs in cases in which sufficient showings of need are made.

      DATED: Honolulu, Hawaii; December 7, 2006.



                                          _____
                                          Susan Oki Mollway
                                          United States District Judge

United States of America v. Patrick Shin; CR. NO. 04-00150 SOM; ORDER DENYING DEFENDANT PATRICK SHIN'S MOTION TO RELEASE PRESENTENCE REPORT