IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. No. 04-00150 SOM |
| | ) |
| vs. | ) 18 USC 1001(a)(3) |
| | ) |
| PATRICK SHIN (01), | ) |
| | ) |
| Defendant. | ) DECLARATION OF SAMUEL P. KING, JR. |
| | ) |

## DECLARATION OF SAMUEL P. KING, JR.

I, SAMUEL P. KING, JR., declare and say:

On March 8, 2006, this Court sentenced Defendant to serve a term of probation of 3 years with conditions that he serve a period of intermittent incarceration of 12 days and that he pay a fine of $100,000. Defendant's Total Offense Level under the Guidelines was 4, and his Criminal History Category was I. Defendant paid the $100,000 fine within 14 days of sentence as required, and Defendant served the intermittent period of incarceration. Defendant has been in full compliance with all terms and conditions of probation, and, of course, has remained arrest- and conviction-free during his entire period of probation thus far. Except for a minor incident in college, Defendant has no criminal history whatsoever. The Court may remember that although the Government charged Defendant with "fraudulent" activity, the Probation Division agreed with Defendant's position at sentencing that Defendant did not act "fraudulently" (which is the reason Defendant's Guideline calculation was so low - level 4), and acted only in the face of inappropriate activity by the Government contracting officers in awarding a bid which denied JHL its profit and overhead. In fact, the Probation Division concluded that the contract price proposed by Defendant in this case was "fair and reasonable" and concluded there was no "intended loss" in this case. In spite of the fact

that there was no "intended loss," Defendant took full responsibility for his actions in making a misrepresentation under 18 USC 1001.

Because of the charge against Defendant in this case, he entered into an administrative agreement with the United States Government (Department of Defense) that he not have any contact with his construction corporation, Nan, Inc., for a period of three years. During this period, Defendant was required to place his stock in Nan, Inc. in a trust to be managed by a third party, which Defendant did. Defendant's three year no-contact period ended in May of this year. The administrative agreement period began to run prior to Defendant's sentence in this case because, as the Court will remember, Defendant entered his plea on April 21, 2004, but was not sentenced until March 8, 2006.

Because of Defendant's conviction in this case, Defendant is not allowed to have any involvement in DOD projects for a period of five years from the date of sentence (so this period extends to March 9, 2011). Although Defendant is now allowed to have active involvement in Nan, Inc. now that the three year administrative agreement has ended, he still cannot have active involvement in DOD projects until March 9, 2011. Defendant is scrupulously honoring the five year ban on being involved in DOD projects just as he honored the three year no-contact administrative agreement.

While Defendant has been on probation, he has been permitted to travel out of the State on several occasions. He has always sought permission to travel and has always complied with all restrictions that the Probation Division has imposed. He traveled to New York for his mother's funeral. He traveled to Washington DC for his debarment proceeding. He traveled to Orlando, Florida, for a business seminar. He traveled to Korea representing the Hawaii community and the Korean Chamber of Commerce for the Pacific Business Conference. He traveled to Bali, Indonesia,

2

looking for building supplies for a real estate development. Most recently, Defendant traveled to the Philippines with the Hawaii Rotarians (part of a group called the YMCA-Rotarian Workcampers) on a humanitarian mission to assist the victims of the mountain village of Guinsaugon. About 1,000 people in this village were killed by a sudden mudslide, and the town was destroyed. The Rotarians went to the Philippines to assist in rebuilding the village. Defendant donated money sufficient to build 20 housing units, and Defendant traveled with the Rotarians to lend his construction expertise as well. The group stayed in the village for two weeks to assist in construction. The money donated by Defendant was used to finish the project by Filipino contractors, and the project is now complete (Defendant recently received a picture of the completed project). Defendant will be going with the Rotarians on their missions each year. The Rotarians will probably go the Philippines next year.

Unfortunately, Defendant was not able to go to his mother-in-law's funeral in Japan because he was on probation. This was a difficult period for Defendant, as might be imagined, as only his wife was able to travel to Japan. Defendant looks forward to traveling to Japan to make contact with his wife's family once he is off probation. Now, if Defendant is still on probation, he will not be able to attend the one-year anniversary of his father-in-law's passing in Japan in January 2008. Defendant's wife's family has a traditional Japanese Buddhist ceremony set for Defendant's father-in-law's passing.

While Defendant has been on probation, he started a non-profit foundation which has contributed almost $200,000 to various worthy recipients including: HPU, Palama Settlement, the Hawaii State Public Library System, the Rotary Club of Honolulu, Iolani School, and PSI World.

Based upon the foregoing, Defendant respectfully requests that his probation in this be terminated early at this time. Defendant has already served half of his probationary period (1 ½ years) and has fully complied with all terms and conditions of probation. In effect, Defendant has

been on court supervision since his plea date on April 21, 2004. Defendant's sentencing was continued several times, especially because the law was changing regarding the sentencing Guidelines and because Mr. Seabright, who had been handling this case as a Assistant United States Attorney, was appointed as a United States District Judge. Defendant has certainly been punished sufficiently for the crime he admitted committing and has been enduring the burden of court supervision for over three years since his change of plea. There is no argument that Defendant needs any "supervision" at this time - Defendant is not a danger to the community. Defendant has behaved honorably throughout his period of probation and has earned, by his conduct, cooperation, and good works, a chance to terminate his probation early. Again, Defendant respectfully requests that this Court grant this motion at this time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, September 4, 2007.

_____
SAMUEL P. KING, JR.
Attorney for Defendant

DECLARATION OF SAMUEL P. KING, JR.

UNITED STATES OF AMERICA v. PATRICK SHIN, Cr. No. 04-00150 SOM

4